## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES HIEBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| SPIRIT AIRLINES, INC., EDWARD M. CHRISTIE, III, CARLTON D. DONAWAY, MARK B. DUNKERLEY, H. MCINTYRE GARDNER, ROBERT D. JOHNSON, BARCLAY G. JONES III, CHRISTINE P. RICHARDS, MYRNA M. SOTO, and DAWN M. ZIER, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on February 7, 2022 (the "Proposed Transaction"), pursuant to which Spirit Airlines, Inc. ("Spirit" or the "Company") will be acquired by Frontier Group Holdings, Inc. ("Frontier") and Top Gun Acquisition Corp. ("Merger Sub").

2. On February 5, 2022, Spirit's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an Agreement and Plan of Merger (the "Merger Agreement") with Frontier and Merger Sub. Pursuant to the terms of the Merger Agreement, Spirit's stockholders will receive 1.9126 shares of Frontier common stock and $2.13 in cash for each share of Spirit common stock they own.

3. On March 11, 2022, defendants filed a registration statement (the "Registration Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Spirit common stock.

9. Defendant Spirit is a Delaware corporation and a party to the Merger Agreement. Spirit's common stock is traded on the New York Stock Exchange under the ticker symbol "SAVE."

10. Defendant Edward M. Christie, III is President, Chief Executive Officer, and a director of the Company.

11. Defendant Carlton D. Donaway is a director of the Company.

12. Defendant Mark B. Dunkerley of the Company.

13. Defendant H. McIntyre Gardner is a director of the Company.

14. Defendant Robert D. Johnson is a director of the Company.

15. Defendant Barclay G. Jones III is a director of the Company.

16. Defendant Christine P. Richards is a director of the Company.

17. Defendant Myrna M. Soto is a director of the Company.

18. Defendant Dawn M. Zier is a director of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

20. Spirit is a leading budget airline serving destinations throughout the U.S., Latin America, and the Caribbean.

21. On February 5, 2022, Spirit's Board caused the Company to enter into the Merger Agreement.

22. Pursuant to the terms of the Merger Agreement, Spirit's stockholders will receive 1.9126 shares of Frontier common stock and $2.13 in cash per share.

23. According to the press release announcing the Proposed Transaction:

Spirit Airlines, Inc. ("Spirit") (NYSE: SAVE) and Frontier Group Holdings, Inc. ("Frontier") (NASDAQ: ULCC), parent company of Frontier Airlines, Inc., today announced a definitive merger agreement under which the companies will combine, creating America's most competitive ultra-low fare airline. . . .

Under the terms of the merger agreement, which has been unanimously approved by the boards of directors of both companies, Spirit equity holders will receive 1.9126 shares of Frontier plus $2.13 in cash for each existing Spirit share they own. This implies a value of $25.83 per Spirit share at Frontier's closing stock price of $12.39 on February 4, 2022, representing a premium of 19% over the February 4, 2022, closing price of Spirit, and a 26% premium based on the 30 trading-day volume-weighted average prices of Frontier and Spirit. The transaction values Spirit at a fully diluted equity value of $2.9 billion, and a transaction value of $6.6 billion when accounting for the assumption of net debt and operating lease liabilities.

Upon closing of the transaction, existing Frontier equity holders will own approximately 51.5% and existing Spirit equity holders will own approximately 48.5% of the combined airline, on a fully diluted basis, providing both Frontier and Spirit equity holders with substantial upside potential. . . .

Advisors

Citigroup Global Markets Inc. is serving as financial advisor and Latham & Watkins, LLP is serving as legal advisor to Frontier. Barclays and Morgan Stanley & Co. LLC are serving as financial advisors and Debevoise & Plimpton LLP is serving as legal advisor to Spirit.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

24.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

25.     As set forth below, the Registration Statement omits material information.

26.     First, the Registration Statement omits material information regarding the Company's and Frontier's financial projections.

27.     The Registration Statement fails to disclose: (i) all line items used to calculate the financial projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

28.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows

stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

29. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisors, Barclays and Morgan Stanley.

30. With respect to Barclays' Selected Comparable Company Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the companies.

31. With respect to Barclays' Discounted Cash Flow Analyses, the Registration Statement fails to disclose: (i) the terminal values; (ii) the individual inputs and assumptions underlying the discount rates and multiples used in the analyses; (iii) the total debt and cash used in the analyses; and (iv) the fully diluted shares outstanding used in the analyses.

32. With respect to Barclays' Research Analyst Price Targets analysis, the Registration Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

33. With respect to Morgan Stanley's Discounted Cash Flow Analyses, the Registration Statement fails to disclose: (i) the terminal values; (ii) the individual inputs and assumptions underlying the discount rates and multiples used in the analyses; and (iii) the fully diluted shares outstanding used in the analyses.

34. With respect to Morgan Stanley's Discounted Equity Value Analyses, the Registration Statement fails to disclose the individual inputs and assumptions underlying the discount rates and multiples used in the analyses.

35. With respect to Morgan Stanley's Discounted Analyst Price Targets analysis, the Registration Statement fails to disclose: (i) the price targets observed in the analysis; (ii) the sources thereof; and (iii) the individual inputs and assumptions underlying the discount rates.

36. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

37. Third, the Registration Statement fails to disclose the timing and nature of the past services Morgan Stanley provided to the parties to the Merger Agreement and their affiliates.

38. The omission of the above-referenced material information renders the Registration Statement false and misleading.

39. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Spirit

40. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

41. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Spirit is liable as the issuer of these statements.

42. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

43. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

44. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

45. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

46. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

47. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

48. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

49. The Individual Defendants acted as controlling persons of Spirit within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Spirit and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

50. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly

after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

51. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

52. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

53. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in

it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 17, 2022            **RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Gina M. Serra
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

9